# In the United States Court of Federal Claims

No. 15-1263C
(Filed: June 23, 2017)

|  |  |  |
|---|---|---|
| CLAUDE MAYO CONSTRUCTION COMPANY, INC., | ) ) ) ) | Keywords: RCFC 12(b)(6); Motion to Dismiss; Failure to State a Claim; Improper Termination for Default; Breach of Contract. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

*Nicholas J. DiCesare*, Barclay Damon, LLP, Buffalo, NY, for Plaintiff.

*Russell J. Upton*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, with whom were *Martin F. Hockey*, Deputy Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant. *Justin Hawkins*, Assistant General Counsel, Office of the General Counsel, General Services Administration, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Claude Mayo Construction Company, Inc. (Claude Mayo) entered into a contract with the General Services Administration (GSA) to provide certain construction services at a federal building in upstate New York. Before Claude Mayo completed the project, GSA terminated the contract for default. Claude Mayo then disputed that termination before GSA's contracting officer (CO) but was unsuccessful. It subsequently filed this action asserting multiple counts. The Court initially dismissed each count of Claude Mayo's complaint, with the exception of its claim of improper default termination, because Claude Mayo failed to first present its other claims to the CO.

Following the Court's decision, Claude Mayo presented the CO with a supplemental claim, which the CO denied. Claude Mayo then filed an amended complaint here. The government now moves to dismiss Count II of Claude Mayo's amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). For the reasons set forth below, the government's motion is **DENIED**.

# BACKGROUND[1]

The background of this contract dispute is set forth in this Court's decision on the government's first motion to dismiss, <u>Claude Mayo Construction Company, Inc. v. United States</u>, 128 Fed. Cl. 616 (2016). To briefly summarize, on November 22, 2013, Claude Mayo began performance on a contract for certain construction work at the James M. Hanley Federal Building in Syracuse, New York. Am. Compl. ¶¶ 9, 11, 23, ECF No. 23. On June 12, 2014, GSA terminated the contract for default. <u>Id.</u> ¶ 70. Almost a year later, on May 18, 2015, Claude Mayo filed a claim with the CO challenging the default termination. <u>Id.</u> ¶ 73. After the CO denied the claim, Claude Mayo filed suit in this Court, alleging that the default termination was improper and also asserting other causes of action, including breach of contract. ECF No. 1. Because Claude Mayo had not presented its claims other than improper default termination to the CO, the Court granted the government's motion to dismiss them. ECF No. 16. The Court also stayed the case with respect to Claude Mayo's claim of improper default termination while it presented its other claims to the CO. <u>See</u> <u>Claude Mayo Constr. Co.</u>, 128 Fed. Cl. at 624.

On December 16, 2016, the CO denied those additional claims. Am. Compl. ¶ 77. Claude Mayo then filed its amended complaint on January 27, 2017. ECF No. 23. It continues to assert that "GSA's determination to terminate Plaintiff's contract for default was improper and without basis." <u>Id.</u> ¶ 79. It also asserts a second cause of action for breach of contract. <u>Id.</u> at 12. Claude Mayo alleges that "GSA's conduct throughout the course of the Project, its inconsistent and improper administration of the Contract, its termination of Plaintiff for default, and other conduct set forth herein and to be demonstrated in this matter constitute material breaches of the Contract." <u>Id.</u> ¶ 86.

In particular, Claude Mayo alleges that "prior to the improper termination, Plaintiff submitted applications for payment for work that was completed and accepted by GSA in the amount of $207,101.98." <u>Id.</u> ¶ 87. It asserts that despite those payment applications, "GSA has, without basis, failed and refused to pay Plaintiff for the work it completed on the Project and to which it is entitled." <u>Id.</u> ¶ 88. Claude Mayo seeks damages for this alleged breach of contract "including, but not limited to, amounts owed to Plaintiff for work performed on the Project for which Plaintiff has not been compensated, plus applicable interest, fees . . . and costs." <u>Id.</u> ¶¶ 89, 91. It also pleads a third count in which it seeks termination for convenience compensation, pursuant to the conversion of the improper termination for default via Count I. <u>See id.</u> ¶¶ 95–96.

On February 7, 2017, the government moved to dismiss Count II of Claude Mayo's amended complaint for failure to state a claim. ECF No. 26. Claude Mayo filed a brief in response and the government subsequently filed a reply. ECF Nos. 27, 32. The Court has determined that oral argument is not necessary for decision.

---

[1] The facts in this section are based on the allegations in Claude Mayo's amended complaint, which the Court assumes to be true for purposes of deciding the motion to dismiss.

**DISCUSSION**

## I.     Standards for Motions to Dismiss Under RCFC 12(b)(6)

When considering a motion to dismiss for failure to state a claim under RCFC
12(b)(6), the court accepts as true the complaint's undisputed factual allegations and
construes them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009). The court also draws all reasonable inferences in favor of the non-
moving party. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001).
Nevertheless, the complaint's factual allegations "must be enough to raise a right to relief
above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also
Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim
has facial plausibility when the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## II.    The Merits of the Government's Motion

The government moves to dismiss Count II of Claude Mayo's complaint for
failure to state a claim on what appear to be two separate grounds: 1) that Claude Mayo
"has failed to identify 'an obligation or duty arising from [its] contract' or 'a breach of
that duty'"; and 2) that Claude Mayo's breach of contract allegation is subsumed by its
improper termination for default claim. See Def.'s Mot. to Partially Dismiss Am. Compl.
(Def.'s Mot.) at 5–6, ECF No. 26. Neither asserted ground has merit.

First, Claude Mayo has pleaded sufficient facts to support a breach of contract
claim. Such a claim has four elements: 1) a valid contract between the parties; 2) an
obligation or duty arising from that contract; 3) a breach of that duty; and 4) damages
caused by that breach. San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d
957, 959 (Fed. Cir. 1989). It is undisputed that Claude Mayo has pleaded the existence of
a contract between it and GSA, Am. Compl. ¶¶ 2, 11, 85, as well as damages caused by
the government's alleged breach of contract, see id. ¶¶ 87–88, 90–91. The government
contends, however, that Claude Mayo has not pleaded facts showing the existence of a
contractual obligation or its breach. Id.

Drawing all reasonable inferences in Claude Mayo's favor, however, the Court
concludes that Claude Mayo has sufficiently pleaded the existence of an obligation or
duty arising out of its contract with GSA, as well as a breach thereof. First, Claude Mayo
alleges that the government agreed to pay it a sum of money in exchange for Claude
Mayo's agreement to perform "certain construction work, namely the furnishing of all
materials, equipment, labor and supervision for renovation of the United States
Attorney's Office." Id. ¶¶ 9, 11. Second, it alleges that it "submitted applications for
payment for work that was completed and accepted by GSA," payment to "which it [was]
entitled." Id. ¶¶ 87–88. The clear and logical implication of these allegations is that the
government had an obligation to remunerate Claude Mayo for work that was completed

by Claude Mayo and accepted by GSA. Thus, Claude Mayo has sufficiently pleaded an obligation or duty arising from its contract with GSA.

Additionally, Claude Mayo has pleaded a breach of that duty. It alleges that "[t]o date, GSA has, without basis, failed and refused to pay Plaintiff for the work it completed on the Project and to which it is entitled under these payment applications." Id. ¶ 88. Claude Mayo also asserts that this "failure to pay Plaintiff for the completed work constitutes a breach of contract." Id. ¶ 89.

These are not "threadbare recitals of the elements of a cause of action" as the government claims. Def.'s Mot. at 5 (alterations omitted). They are specific factual allegations setting forth a basis for relief that rises above a speculative level.

Second, Claude Mayo's breach of contract allegation is not subsumed by its improper termination for default count, as the government argues. To be sure, a claim that is fully redressable under the contract, i.e., one for which contractual relief is available (such as a claim to convert a default termination to a termination for convenience), cannot be the basis of a separate breach of contract cause of action. See Me. Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1341 (Fed. Cir. 2000). But Claude Mayo's breach of contract claim is not based upon the allegedly improper default termination. Rather, Claude Mayo asserts a breach of contract based upon the government's failure to pay for work it accepted prior to the default termination. Am. Compl. ¶¶ 84–91. It would be entitled to these payments even if the default termination was proper. John Cibinic, Jr. et al., Administration of Government Contracts 884, 898 (4th. ed. 2006); see also PCL Constr. Servs., Inc. v. United States, 47 Fed. Cl. 745, 809 (2000) (noting that "accepted performance cannot be subject to a termination for default").

In short, if Claude Mayo does not prevail on the merits of Count I of its complaint, it might still be entitled to recovery on Count II. And, in any event, even assuming that Claude Mayo prevails on the merits of Count I, the rules permit it to plead alternative bases for recovery. RCFC 8(d); see also M.A. DeAtley Constr., Inc. v. United States, 71 Fed. Cl. 370, 373–74 (2006).

Notwithstanding the foregoing, in its reply brief the government continues to urge the Court to "partially dismiss" Claude Mayo's second cause of action for failure to state a claim, or, in the alternative, to require Claude Mayo "to clarify the nature of its damage claim contained in the second count of its amended complaint." Def.'s Reply to Pl.'s Resp. to Def.'s Mot. at 1. It offers a new argument in reply to Claude Mayo's response, now claiming that Claude Mayo has not sufficiently pleaded that GSA "accepted" the work for which Claude Mayo claims to be entitled to compensation. Id. at 3–4.

This contention also lacks merit. Claude Mayo alleges in its complaint that it "submitted applications for payment for work that was completed and accepted by GSA," that GSA has "failed . . . to pay Plaintiff . . . under these payment applications," and that this "failure to pay . . . constitutes a breach of contract." Am. Compl. ¶¶ 87–89 (emphasis added). The government's hyper-technical argument, which faults Claude Mayo for not

4

using the word "accepted" in its amended complaint each time it refers to GSA's failure to pay is irreconcilable with the principle that reasonable inferences must be drawn in favor of the non-moving party in the context of a motion to dismiss. Thus, there is no basis for dismissing Count II of the complaint, either in whole or in part; nor does Count II require any further clarification.

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge